United States Courts
Southern District of Texas
FILED
April 29, 2022
Nathan Ochsner, Clerk of Court

Case 4:22-mj-00972   Document 1   Filed on 04/29/22 in TXSD   Page 1 of 10

FILED
April 12, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____SAJ_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **6:22-CR-00063** |
| Plaintiff | * | **4:22-mj-972** |
| | * | INDICTMENT |
| V. | * | [VIO: COUNT ONE: 18 U.S.C. 371 {18 U.S.C. 641} – Theft of Government Property Conspiracy; COUNT TWO, COUNT THREE, COUNT FOUR, COUNT FIVE and COUNT SIX: 18 U.S.C. 641 – Theft of Government Property; COUNT SEVEN: 18 U.S.C. 2314 Interstate Transportation of Stolen Property; COUNT EIGHT and COUNT NINE: 18 U.S.C. 1957 – Money Laundering; 18 U.S.C. 2 Aiding and Abetting; COUNT TEN: 18 U.S.C. 551(a) Smuggling Goods from the United States] |
| (1) BENJAMIN ALVARADO, JR. | * | |
| (2) KYNYQUS BRYANT | * | |
| (3) DARIUS ALSTON | * | |
| (4) GABRIEL TAYLOR | * | |
| (5) JUSTIN WALLAS | * | |
| Defendants | * | |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. 371 {18 U.S.C. 641}]

1. Beginning on or about January 1, 2017, the exact date unknown to the Grand Jury, and continuing until the present, in the Western District of Texas, the Defendants,

**BENJAMIN ALVARADO, JR.
KYNYQUS BRYANT,
DARIUS ALSTON,
GABRIEL TAYLOR,
and
JUSTIN WALLAS,**

did intentionally, knowingly, and willfully combine, conspire, confederate, and agree, together and with each other and others, both known and unknown to the Grand Jury, to commit an offense



against the United States, to wit Theft of Government Property, contrary to Title 18, United States Code, Section 641.

## Manner and Means of the Conspiracy

2. It was a part of the conspiracy that the Defendants did embezzle, steal, purloin, receive, conceal, and retain with the intent covert to their use or gain property of the United States, which consisted of military items from Fort Hood Military Base, a place within the territorial and special maritime jurisdiction of the United States. The items taken and received included chemical masks, intensifier tubes, LiteFighter tents, close combat optics and other various items belonging to the United States as things of value. These items were later sold using online sellers, such as eBay, wherein proceeds of more than $2 millions (USD) were realized.

3. In furtherance of the conspiracy, and to affect its unlawful purpose, one or more of the following overt acts were committed in the Western District of Texas:

   A. During the relevant time period, BENJAMIN ALVARADO, JR purchased thousands of military items, owned by the United States, from KYNYQUS BRYANT, DARIUS ALSTON, GABRIEL TAYLOR and JUSTIN WALLAS.
   B. During the relevant time period DARIUS ALSTON, KYNYQUS BRYANT, GABRIEL TAYLOR and JUSTIN WALLAS participated in seven (7) or more thefts, of United States government property from Fort Hood Military Base. The items taken were then sold to BENJAMIN ALVARADO, JR.
   C. BENJAMIN ALVARADO, JR, DARIUS ALSTON, KYNYQUS BRYANT, GABRIEL TAYLOR and JUSTIN WALLAS sent and received telecommunications and text messages preparing for, during and after the thefts of government property to further their scheme to steal the items and convert them to their use or gain.

All contrary to Title 18, United States Code, Section 641, and in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## [18 U.S.C. 641]

Beginning on or about July 15, 2021, and continuing until on or about July 16, 2021, in the Western District of Texas, the Defendant,

### BENJAMIN ALVARADO, JR.,

did knowingly receive, conceal, or retain property of the United States Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Section 641

## COUNT THREE
## [18 U.S.C. 641]

Beginning on or about July 15, 2021, and continuing until on or about July 16, 2021, in the Western District of Texas, the Defendant,

### KYNYQUS BRYANT,

did knowingly embezzle, steal, purloin or knowingly convert to his use, property of the United States Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Section 641

## COUNT FOUR
## [18 U.S.C. 641]

Beginning on or about July 15, 2021, and continuing until on or about July 16, 2021, in the Western District of Texas, the Defendant,

### DARIUS ALSTON,

did knowingly embezzle, steal, purloin or knowingly convert to his use, property of the United States Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Section 641.

3

## COUNT FIVE
[18 U.S.C. 641]

Beginning on or about July 15, 2021 and continuing until on or about July 16, 2021, in the Western District of Texas, the Defendant,

### GABRIEL TAYLOR,

did knowingly embezzle, steal, purloin or knowingly convert to his use, property of the United States Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code Section 641.

## COUNT SIX
[18 U.S.C. 641]

Beginning on or about July 15, 2021, and continuing until on or about July 16, 2021, in the Western District of Texas, the Defendant,

### JUSTIN WALLAS,

did knowingly embezzle, steal, purloin or knowingly convert to his use, property of the United States Army, a department or agency of the United States, and the value of such property in the aggregate amount exceeds $1,000, in violation of Title 18, United States Code, Section 641.

## COUNT SEVEN
[18 U.S.C. 2314]

Beginning on or about January 1, 2017, the exact date unknown to the Grand Jury, and continuing until the present, in the Western District of Texas, the Defendant,

### BENJAMIN ALVARADO, JR.,

did transport, transmit, and transfer in interstate and foreign commerce any goods, wares, and merchandise, that is stolen military property belonging to the United States with a value of $5,000

4

or more, knowing the same to have been stolen, converted or taken by fraud, in violation of Title 18, United States Code, Section 2314.

## COUNT EIGHT and COUNT NINE
### [18 U.S.C. 2 and 1957]

On or about the dates identified below, within the Western District of Texas and elsewhere, the Defendant,

### BENJAMIN ALVARADO JR,

aided and abetted by another, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the payment of funds to the financial institutions identified below, such property having been derived from the specified unlawful activity identified below.

| Count | On or About Date | Monetary Transaction | Specified Unlawful Activity |
|---|---|---|---|
| 8 | September 3, 2019 | Cashier's check for $52,890.55 remitted from First National Bank Account x9137 to a title company for the purchase of a residence. | (a) Sale, receipt, or possession of stolen property (as defined in Title 18 § 1961(1)(B)); (b) Embezzlement and Theft of public money, property or records (as defined in Title 18 § 1956(c)(7)(D)) |
| 9 | July 7, 2021 | Personal check for $50,000 remitted from First National Bank Account x0363 to a licensed automobile dealer for the purchase of a vehicle. | (a) Sale, receipt, or possession of stolen property (as defined in Title 18 § 1961(1)(B)); (b) Embezzlement and Theft of public money, property or records (as defined in Title 18 § 1956(c)(7)(D)) |

All in violation of Title 18, United States Code, Sections 2 and 1957.

## COUNT TEN
## [18 U.S.C. 554(a)]

On or about January 5, 2021, in the Western District of Texas, the Defendant,

## BENJAMIN ALVARADO, JR.,

Knowingly and unlawfully concealed, bought, or facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit JCAD M4A1 (JOINT CHEMICAL AGENT DETECTOR), in violation of Title 18, United States Code, Section 554(a).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Conspiracy to Commit/Theft of Government Property Violations, and Transportation of Stolen Property Violation & Forfeiture Statutes
[Title 18 U.S.C. §§ 371 & 641, and 2314, subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One through Six, the United States gives notice to Defendants BENJAMIN ALVARADO, JR., KYNYQUS BRYANT, DARIUS ALSTON, GABRIEL TAYLOR and JUSTIN WALLAS of its intent to seek forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM P. 32.2 and to Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).

As a result of the criminal violation set forth in Count Seven, the United States gives notice to Defendant BENJAMIN ALVARADO, JR. of its intent to seek forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM P. 32.2 and to Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). The pertinent

statutes state as follows:

### Title 18 U.S.C. § 981. Civil Forfeiture
(a)(1) The following property is subject to forfeiture to the United States:

* * *

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Theft of Government Property in violation of Title 18 U.S.C § 641 is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7)(D).

Transportation of Stolen Property in violation of Title 18 U.S.C. § 2314 is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1961(1)(B).

## II.
## Money Laundering Violations and Forfeiture Statutes
[Title 18 U.S.C. § 1957, subject to forfeiture pursuant to Title 18 U.S.C § 982(a)(1)]

As a result of the criminal violations set forth in Counts Eight and Nine, the United States gives notice to Defendant **BENJAMIN ALVARADO, JR.** of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM. P. 32.2 and to Title 18 U.S.C. § 982(a)(1), which states:

### 18 U.S.C. § 982. Criminal Forfeiture.
(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section . . . 1957 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## III.
## Smuggling Goods from the United States Violations and Forfeiture Statutes
[Title 18 U.S.C. § 554(a), subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C) and pursuant to Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Ten, the United States gives notice to Defendant **BENJAMIN ALVARADO, JR.** of its intent to seek the forfeiture of the properties

7

described below upon conviction and pursuant to FED. R. CRIM P. 32.2, Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

### Title 18 U.S.C. § 981. Civil Forfeiture
(a)(1) The following property is subject to forfeiture to the United States:
\* \* \*
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense

Smuggling Goods from the United States in violation of Title 18 U.S.C. § 554 is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7)(D).

### Title 19 U.S.C. § 1595a. Forfeiture and other penalties
\* \* \*
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes but is not limited to the properties described in Paragraphs IV and V.

## IV.
## Personal Properties

**Bank Accounts**

1. $7,525.39, more or less, in United States currency seized from Bank of America account number ending in 4797 in the name of Benjamin Alvarado, on or about January 28, 2022;

2. $19,824.51, more or less, in United States currency seized from First National Bank Texas account number ending in 0363 in the name of Benjamin Alvarado, on or about January 28, 2022;

8

3. $75,490.01, more or less, in United States currency seized from First National Bank of Texas account number ending in 9137 in the names of Benjamin Alvarado and Norma Alvarado, on or about, January 28, 2022;

**Real Properties**

4. Real Property located and situated at 7105 Almond Drive, Killeen, Texas 76542, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   BEING LOT 12 IN BLOCK 8 OF SPANISH OAKS AN ADDITION TO THE CITY OF KILLEEN, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN CABINET "D", SLIDE 192-C & D OF THE PLAT RECORDS OF BELL COUNTY, TEXAS; and

5. Real Property located and situated at 1403 Karen Drive, Killeen, Texas 76549, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   BEING LOT TWELVE (12) IN BLOCK ELEVEN (11) OF MORRIS SUB-DIVISION, PHASE ONE, KILLEEN, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORDS IN CABINET "A", SLIDE 257-A OF THE PLAT RECORDS OF BELL COUNTY, TEXAS.

## V.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offenses, or traceable to such property as a result of the violations set forth in the Indictment for which Defendants **BENJAMIN ALVARADO, JR., KYNYQUS BRYANT, DARIUS ALSTON, GABRIEL TAYLOR and JUSTIN WALLAS** are individually liable.

### Substitute Assets

If any of the above-described forfeitable properties, as a result of any act or omission of the Defendants

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

9

 c. has been placed beyond the jurisdiction of the Court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1)

A TRUE BILL:

FOREPERSON

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: CHRISTOPHER M. BLANTON
Assistant United States Attorney